UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED DOE, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-1458 (ESH) |
| GEORGE W. BUSH, *et al.*, | ) |
| Respondents. | ) |
| NABIL, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-1504 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) |
| Respondents. | ) |
| ABBAR SUFIAN AL HAWARY, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-1505 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) |
| Respondents. | ) |

| | |
|---|---|
| SHAFIIQ, *et al.*,                      )<br>                                         )<br>              Petitioners,              )<br>                                         )<br>        v.                              )<br>                                         )<br>GEORGE W. BUSH, *et al.*,                )<br>                                         )<br>              Respondents.              )<br>_____)   | Civil Action No. 05-1506 (RMC) |
| SADAR DOE, *et al.*,                    )<br>                                         )<br>              Petitioner,               )<br>                                         )<br>        v.                              )<br>                                         )<br>GEORGE W. BUSH, *et al.*,                )<br>                                         )<br>              Respondents.              )<br>_____)   | Civil Action No. 05-1704 (JR) |
| MUHAMMAED QASIM, *et al.*               )<br>                                         )<br>              Petitioner,               )<br>                                         )<br>        v.                              )<br>                                         )<br>GEORGE W. BUSH, *et al.*,                )<br>                                         )<br>              Respondents.              )<br>_____)   | Civil Action No. 05-1779 (JDB) |

## ORDER TO SHOW CAUSE

In each of the above-captioned cases, Respondents have filed a Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, in the

Alternative, to Stay Proceedings Pending Related Appeals.[1]  These motions have been assigned to the undersigned pursuant to Local Civil Rule 40.6(a).[2]

Next friend standing constitutes a narrow exception to the normal requirement that a party bring suit on his or her own behalf.  The Supreme Court, in Whitmore v. Arkansas, 495 U.S. 149 (1990), recognized --

> two firmly rooted prerequisites for "next friend" standing.  First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Id. at 163 (citations omitted).

Petitioners contend that Respondents have made it "extremely difficult" for counsel to obtain authorization to represent some of the detainees, either directly or through next friend status.  See, e.g., Pet'rs' Mem. in Resp. to Resp'ts' Mot. for Order to Show Cause at 2 (filed in Civ. No. 05-1458).  Petitioners seem to suggest that any jurisdictional defects in Petitioners' next friend status should be excused because of Respondents' alleged conduct.  Generally, however, a court does not have jurisdiction over a case if the party filing the suit does not have standing.  See Whitmore, 495 U.S. at 155-56 ("A federal court is powerless to create its own jurisdiction by embellishing

---

[1] Respondents' motions in the above-captioned cases are virtually identical.

[2] See Order of Nov. 1, 2005, Doe v. Bush, Civ. No. 05-1704 [dkt no. 18]; Order of Oct. 31, 2005, Qasim v. Bush., Civ. No. 05-1779 [dkt no. 4]; Order of Oct. 25, 2005, Shafiiq v. Bush, Civ. No. 05-1506 [dkt no. 10]; Order of Oct. 25, 2005, Al Hawary v. Bush, Civ. No. 05-1505 [dkt no. 10]; Order of Oct. 25, 2005, Nabil v. Bush, Civ. No. 05-1504 [dkt no. 8]; Order of Oct. 13, 2005, Doe v. Bush, Civ. No. 05-1458 [dkt no. 8].

otherwise deficient allegations of standing.") (citation omitted); see id. at 161 ("the requirement of an Art[icle] III 'case or controversy' is not merely a traditional 'rule of practice,' but rather is imposed directly by the Constitution."). Petitioners do not cite any legal authority for the proposition that Respondents' alleged conduct may excuse a failure by Petitioners to demonstrate standing.

Moreover, according to the government, there are "presently 154 cases pending before the Court on behalf of approximately 283 petitioners, although this number includes detainees who filed multiple petitions." Resp'ts' Reply in Support of Mot. for Order to Show Cause at 5 n.3. Petitioners do not explain why the detainees that they purport to represent as next friends are in a materially different position than the detainees who have filed petitions with this Court.[3]

Accordingly, it is this 4th day of November, 2005, hereby:

ORDERED: that the Respondents' Motions for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing, in Doe v. Bush, Civ. No. 05-1458 [dkt no. 2]; Nabil v. Bush, Civ. No. 05-1504 [dkt no. 4]; Al Hawary v. Bush, Civ. No. 05-1505 [dkt no. 4]; Shafiiq v. Bush, Civ. No. 05-1506 [dkt no. 4]; Doe v. Bush, Civ. No. 05-1704 [dkt

---

[3]Other Judges of this Court have expressed similar concerns. See Order Directing Petitioner to Show Cause (Oct. 3, 2005) at 1, Hamlily v. Bush, Civ. No. 05-0763 (a "substantial question" exists "as to whether [Petitioner] has standing as 'next friend,'" in part because over 150 petitions by Guantanamo Bay detainees have been successfully filed in this Court); Memorandum Order Directing Petitioner to Show Cause (Oct. 11, 2005) at 2, Razak v. Bush, Civ. No. 05-1601 ("The Petition contains insufficient information to establish Al Razak's inability to bring suit on his own, or to demonstrate that [the putative next friend] is dedicated to Al Razak's best interests."); Order Directing Petitioner to File Memorandum (May 25, 2005) at 2, Ahmed v. Bush, Civ. No. 05-665 ("The petition presumes, rather than demonstrates through facts, that Ahmed has been denied access to the courts of the United States. In light of the fact that several pro se petitions have been filed recently by Guantanamo Bay detainees, Ahmed's lack of access to this court cannot be presumed, but must be established.").

no. 4]; Qasim v. Bush, Civ. No. 05-1779 [dkt no. 2], are GRANTED; and it is further

ORDERED: that Petitioners shall show cause on or before Friday, November 18, 2005, why their petitions should not be dismissed for lack of jurisdiction; and it is further

ORDERED: that Respondents may file a response on or before Monday, November 28, 2005; and it is further

ORDERED: that a hearing will be held on Monday, December 5, 2005, at 11:00 a.m. in Courtroom 3; and it is further

ORDERED: that Petitioners and Respondents consult with Magistrate Judge Kay as soon as is practicable (but in any event before the hearing) to discuss how counsel for Petitioners may obtain access to the detainees who allegedly seek to be represented by next friends to determine if the detainees will authorize counsel to represent them directly.

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE