IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED DOE, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-1458 (ESH) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| NABIL (Last Name Unknown), *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-1504 (RMC) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| ABBAR SUFIAN AL HAWARY, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-1505 (RMC) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.*, | ) |
| | ) |
| Respondents. | ) |

|  |  |
|---|---|
| SHAFIIQ (Last Name Unknown), *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-CV-1506 (RMC) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) |
| Respondents. | ) |
| HAMID AL RAZAK, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-CV-1601 (GK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) |
| Respondents. | ) |
| USAMA HASAN ABU KABIR, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-CV-1704 (JR) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) |
| Respondents. | ) |

|  |  |  |
|---|---|---|
| MUHAMMED QASIM, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1779 (JDB) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' RESPONSE TO PETITIONERS' MEMORANDA SHOWING
CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD
NOT BE DISMISSED FOR LACK OF "NEXT FRIEND" STANDING**

Pursuant to the November 4, 2005 Order to Show Cause in the above-captioned cases,[1] respondents hereby submit a consolidated response to petitioners' memoranda showing cause why the petitions for writ of habeas corpus in these cases should not be dismissed for lack of "next friend" standing. In their memoranda, petitioners argue that (1) the next friend petitioners in the above-captioned cases have satisfied the requirements for next friend standing under the two-pronged standard articulated in Whitmore v. Arkansas, 495 U.S. 149 (1990); (2) if the Court determines that the next friend petitioners have not met the Whitmore requirements, they should nevertheless be excused from satisfying these requirements because of respondents' alleged conduct; and (3) in any event, counsel should be permitted to visit the detainees who are the

---

[1] Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend Standing" in Al Razak v. Bush, No. 05-CV-1601 (GK), was granted by Judge Kessler and subsequently transferred to Judge Oberdorfer, who entered an order in that case similar to the November 4, 2005 Order to Show Cause entered in the other cases captioned above. See Order dated November 22, 2005 in Al Razak v. Bush, No. 05-CV-1601 (GK) (Oberdorfer, J.).

- 1 -

alleged real parties in interest through application of the Protective Order and counsel access procedures reserved for properly authorized Guantanamo habeas petitions, in order to attempt to acquire direct authorizations from these detainees. As demonstrated herein, petitioners have failed to present any additional evidence beyond the insufficient "authorizations" submitted with the petitions to demonstrate that the detainees who seek habeas relief on behalf of other individuals detained at Guantanamo Bay have satisfied the requirements for "next friend" standing under <u>Whitmore</u>. Petitioners also present no persuasive argument why the Court should ignore controlling precedent and find that the next friend petitioners in these cases should be excused from the <u>Whitmore</u> requirements. Finally, counsel visits to the detainees who purportedly seek habeas relief in these deficient cases should not be permitted, given that counsel already have access to Guantanamo Bay detainees through the mail system and that the counsel access procedures contained in the Protective Order are reserved for properly-filed cases. Because the next friend petitioners have failed to establish proper standing to sue, the Court should dismiss the above-captioned cases for lack of jurisdiction.[2]

---

[2] Respondents note that petitioner Shafiiq in <u>Shafiiq v. Bush</u>, No. 05-CV-1506 (RMC), has recently been charged with offenses triable by military commission, and will be appointed counsel pursuant to military commission procedures. <u>See</u> Department of Defense News Release dated November 7, 2005 (available at <<http://www.defenselink.mil/releases/2005/nr20051107-5078.html>>) (indicating that detainee Sufyian Barhoumi of Algeria has been charged with conspiracy to commit offenses triable by military commission). Thus, the issue of next friend standing with regard to petitioner Shafiiq will likely become moot once appointed defense counsel meet with him and can ascertain whether he directly authorizes a petition for writ of habeas corpus on his behalf.

I.   **The Next Friend Petitioners in the Above-Captioned Cases Have Failed to Establish Proper Next Friend Standing under Whitmore v. Arkansas.**

As the Court noted in its November 4, 2005 Order to Show Cause, the Supreme Court recognized "two firmly rooted prerequisites" that must be satisfied in order to establish next friend standing:

> First, a "next friend" must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Order to Show Cause at 3 (quoting Whitmore, 495 U.S. at 163-64 (citations omitted)). Thus, the putative next friend petitioners in the above-captioned cases must (1) provide an "adequate explanation" why the detainees for whom habeas relief is purportedly sought "cannot appear on [their] own behalf," and (2) demonstrate that they have a "significant relationship" with these detainees to show that they are "truly dedicated to [the detainees'] best interests," see id., before the Court can exercise jurisdiction over these actions. See id. at 3 ("[A] court does not have jurisdiction over a case if the party filing the suit does not have standing."). See also Elk Grove Unified School District v. Newdow, 124 S. Ct. 2301, 2308 (2004) ("In every federal case, the party bringing the suit must establish standing to prosecute the action."); Warth v. Seldin, 422 U.S. 490, 517-18 (1975) ("The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention."). The

- 3 -

detainees claiming to act as "next friends" for other detainees on whose behalf habeas relief is sought in these cases have failed to satisfy either requirement.

As explained in the sworn declarations submitted in support of respondents' motions, respondents have provided every detainee with adequate means and opportunity to file a habeas petition in order to meaningfully challenge the lawfulness of his detention. The Department of Defense ("DoD") has notified each of its detainees at Guantanamo Bay of his right to file a petition for habeas corpus ("You may ask a civilian judge to look at the lawfulness of your detention . . ."), and has provided each detainee with the address of the United States District Court in the event that he desires to submit his own petition to the Court. See (Second) Declaration of Frank Sweigart, ¶¶ 3-5. Although petitioners allege that the detainees have "been allowed no contact with friends or family members," in fact, all detainees possess the opportunity to send and receive mail through the Military's mail delivery and collection system or through the International Committee for the Red Cross. See id., Ex. D. As a result, all detainees may write to friends, family members, or attorneys to request assistance with filing a habeas petition, if they so desire, or they may write and send a *pro se* petition to the Court themselves, as many detainees have. Aside from the generalized characterizations of the alleged conditions of confinement at Guantanamo Bay recited by counsel, the next friend petitioners have submitted no evidence that the detainees who are purportedly seeking habeas relief in the above-captioned cases are unable to take advantage of these opportunities, despite the fact that it is the burden of the next friend petitioners to do so. See Whitmore, 495 U.S. at 163 ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."). Petitioners have not presented any reason why the detainees in these cases cannot

seek habeas relief when scores of cases involving well over 250 detainees are pending before the Court,[3] including 56 *pro se* petitions that detainees mailed directly to the Court. See November 4, 2005 Order to Show Cause at 4 and n.3 ("Petitioners do not explain why the detainees that they purport to represent as next friends are in a materially different position that the detainees who have filed petitions with this Court."). Based on this record, the next friend petitioners have failed to satisfy the first prong of the Whitmore test.[4]

The next friend petitioners in the above-captioned cases have also failed to demonstrate that they have a "significant relationship" with each detainee such that they are "truly dedicated to the[ir] best interests." See Whitmore, 495 U.S. at 163-64. In their memoranda, petitioners have failed to present any additional evidence beyond the skimpy next friend "authorizations" attached to the petitions, the inadequacies of which have been already addressed in respondents' motions for order to show cause, which suggest nothing more than that the purported next friends

---

[3] There are presently 171 cases pending before the Court on behalf of approximately 314 petitioners, although this number includes detainees who filed multiple petitions. Respondents have also been unable to identify more than approximately two dozen of these petitioners as detainees at Guantanamo Bay.

[4] Petitioners quote the Ninth Circuit's opinion in Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153 (9th Cir. 2002) to support their argument that detainees at Guantanamo Bay are "inaccessible" based on the Court's statement in dicta that "from a practical point of view the detainees cannot be said to have unimpeded or free access to court." Id. at 1161. In quoting the Ninth Circuit, however, petitioners omit the preceding sentence in the opinion, in which the Ninth Circuit recognizes that "[t]he detainees are not able to meet with lawyers, and have been denied access to file petitions in United States courts on their own behalf." Id. Given that now scores of detainees have petitions that have been filed either by them directly or legitimately on their behalf, the Ninth Circuit's dicta in Coalition of Clergy regarding detainees' access to court, which is in any event not controlling on this Court, is also no longer persuasive.

are aware of other individuals detained at Guantanamo Bay.[5] The Court is left with no basis from which to conclude that these so-called next friends know the other detainees in any meaningful way so as to ensure that they will genuinely pursue the other detainees' desires and interests, which is one of the primary motivations behind the next friend standing doctrine.[6] See Whitmore, 495 U.S. at 164 ("These limitations on the 'next friend' doctrine are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friends.") (internal quotations omitted). The next friend petitioners have failed to show proof of a significant

---

[5] If a detainee were able to act as next friend for another detainee simply based on the mere fact that they are both detained at Guantanamo and purportedly share a "common faith, language and uncertain legal status," as petitioners suggest, detainees or prisoners could purport to bring mass habeas corpus petitions simply by being able to list the identities of those detained alongside them, a situation that is surely inconsistent with standing jurisprudence. See Othman v. Bush, No. 05-CV-2088 (RWR) (Order dated November 1, 2005) ("The petition's characterization of Al Wahab as Othman's "companion" is an insufficient showing upon which to make any judgment about Al Wahab's fitness to serve[] as next friend. The companionship may be by dint of mere fortuity of co-location in detention with no more substance to the relationship than that.").

[6] See also Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) ("The petition does not provide basic personal facts about Ahmed, such as his citizenship, his age, whether he is married or has a family, the place of his arrest or capture, and the places of detention, if any, prior to his being transported to Guantanamo Bay. The absence of such facts leaves the impression that Hassen does not know even this much about Ahmed and his situation."); Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005) ("The Court notes the total lack of any basic facts about Hamlily in the petition or other filings in this case -- most notably, the absence of any details concerning Hamlily's individual conditions of confinement (in contrast to the detainee population at large), including interrogations of Hamlily, inadequacies in his diet or medical care, or restrictions on, or interference with, the practice of his religion. This lack of necessary factual information suggests that Aamer does not have a 'significant relationship' with Hamlily."); Othman v. Bush, No. 05-CV-2088 (RWR) (Order dated November 1, 2005) ("The petition alleges no facts and attaches no declarations or affidavits about the length or nature of the acquaintance, the basis for the Court to trust that Al Wahab will pursue Othman's best interests, or even whether Al Wahab has discussed his proposed next friend status with Othman and received Othman's consent.").

relationship with the detainees who are the purported real parties in interest. Petitioners have therefore failed to demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petitions in the above-captioned cases.[7]

## II. Petitioners Have Demonstrated No Reason Why the Court Should Ignore Controlling Precedent and Exempt Petitioners from the Whitmore Requirements.

Because petitioners have not satisfied either requirement for next friend standing as articulated by the Supreme Court in Whitmore, petitioners seek to blame respondents for their own failures by asserting baseless accusations of respondents' allegedly obstructionist behavior which supposedly left petitioners with no recourse but to file jurisdictionally deficient petitions. For instance, petitioners complain that respondents' own notification to detainees advised them that they could "ask a friend" to file petitions on their behalf without also describing the requirements for next friend standing, and that counsel have been unable to identify family members who can act as next friends because respondents refuse to give them a list of all detainees at Guantanamo Bay. Of course, respondents are under no obligation to give detainees legal advice, and counsel's ability, or lack thereof, to locate detainees' family members does not excuse the absence of a legitimate next friend. At bottom, petitioners cannot escape the

---

[7] Petitioners mistakenly elevate the difficulties noted by respondents in identifying petitioners as detainees at Guantanamo Bay as a primary argument in support of respondents' challenge to next friend standing in these cases. Respondents raise the identification issue because it is a problem arising out of the phenomenon of petitions filed by improper next friends, but it is not the reason why respondents filed their motion. Respondents note that, based on the information supplied to them to date, they have not been able to identify petitioner Ahmed Doe in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), and petitioner Muhammed Qasim in Qasim v. Bush, No. 05-CV-1779 (JDB), as detainees at Guantanamo Bay. Contrary to petitioners' suggestion, even a database of all detainees at Guantanamo Bay cannot assist respondents in identifying petitioners where, as here, the scant information supplied in the petitions does not point conclusively to one individual in the database.

fundamental legal principle that "[i]n every federal case, the party bringing the suit must establish standing to prosecute the action." Elk Grove Unified School District v. Newdow, 124 S. Ct. 2301, 2308 (2004). As demonstrated above, all detainees may write to friends, family members, or attorneys to request assistance with filing a habeas petition, or they may submit a *pro se* petition to the Court themselves. Counsel for petitioners in the above-captioned cases chose to file petitions through other detainees purporting to act as next friends,[8] and now petitioners bear the burden of establishing that the detainees who seek habeas relief on behalf of other individuals detained at Guantanamo Bay possess proper next friend standing under the Supreme Court's Whitmore test.

Petitioners further contend that respondents' challenge to proper next friend standing in these cases serves only to needlessly delay proceedings since the detainees for whom habeas relief is sought are likely to challenge their own detention anyway. Petitioners erroneously assume, however, that all of the detainees at Guantanamo Bay want to challenge the legality of their detention, and cannot do so simply because respondents have prevented them from doing

---

[8] Respondents do not take the position that detainees can *never* act as proper next friends to other detainees, but argue only that the detainees who purport to do so in these cases must establish their next friend status as a precondition to the Court's exercise of jurisdiction. Thus, respondents' acknowledgment that other detainees may serve as "legitimate next friends" in their motion to dismiss filed in John Does 1-570 v. Bush, No. 05-CV-0313 (CKK), is not inconsistent with respondents' challenge to next friend standing here. Respondents also note that the recent and rising trend of detainees, such as Omar Deghayes and Jamal Kiyemba, submitting next friend "authorizations" containing long lists of any other detainees that they can remember having contact with, without even attempting to satisfying Whitmore's jurisdictional requirements, is wholly improper. Counsel's promotion of such practices, as well as their complaint that DoD has not provided them a list of all Guantanamo detainees, demonstrate that counsel seek through next friend cases such as these merely to further the cause of bringing habeas petitions on behalf of every detainee they learn about regardless of a detainee's particular wishes or the available avenues for detainees to initiate habeas suits themselves. See infra.


so. The facts demonstrate otherwise. As explained above, DoD has notified each detainee of his right to challenge the legality of his detention, and with their mail privileges, the detainees are free to seek assistance from friends, family, and attorneys to pursue habeas relief or to send their own habeas petition to the Court themselves. See (Second) Sweigart Declaration, ¶ 3-5. The fact that scores of cases involving well over 250 detainees are pending before the Court establishes that respondents have not confined the detainees in conditions that preclude them from vindicating their right to challenge the lawfulness of their detention and confirms that the detainees can effectively access the courts and counsel if they choose to do so.[9] While respondents have not prohibited detainees from exercising their legal rights,[10] respondents also

---

[9] Petitioner Arkeen Doe's statements to the Combatant Status Review Tribunal that the "US Court system or US Judges" determine his case, see Kabir Mem. at 7, were made more than one year ago, in the context of the Tribunal proceedings and prior to DoD's delivery of notifications advising detainees how they could challenge their detention by filing a petition for writ of habeas corpus in federal court. Given that petitioner Arkeen Doe has not filed a *pro se* petition challenging his detention, and his purported next friend, Usama Hasan Abu Kabir, has not provided an adequate explanation why petitioner Arkeen Doe is unable to do so, his isolated statements during the Combatant Status Review Tribunal proceedings fail to demonstrate a "fervent desire" to challenge his detention through a petition for writ of habeas corpus, as counsel suggests. See id.

[10] The Declaration of Clive A. Stafford Smith, submitted in support of petitioners' memoranda, attempts to malign respondents' actions in virtually every aspect of the detention of individuals at Guantanamo Bay and the litigation of the detainees' petitions for habeas corpus. Mr. Smith, who represents most of the improper next friends in the above-captioned cases, bases his lengthy diatribe on nothing more than various generalized allegations by unspecified detainees and non-specific hearsay. In particular, his accusations that respondents have intentionally interfered with detainees' access to counsel so as to discourage them from seeking habeas relief and prohibiting attorneys from visiting Guantanamo Bay are patently false. While respondents do not allow unauthorized attorneys to travel to Guantanamo Bay to solicit detainees, many legitimately retained attorneys have complied with the counsel access procedures contained in the Protective Order and have visited Guantanamo Bay to meet with their detainee clients. The claim that military personnel are attempting to undermine the relationship between detainees and their attorneys has already been squarely rebutted by a sworn declaration in the Al Odah case. See Declaration of Esteban Rodriguez, filed on May 9, 2005 as

do not have any obligation to actively prod these detainees to take advantage of their ability to file habeas petitions in U.S. courts. Some detainees simply may not want the U.S. courts to review the legality of their detention.[11] Petitioners' insinuation that respondents' challenge to next friend standing in these cases is for the purpose of entangling these proceedings in a "procedural morass" to obstruct detainees from challenging the legality of their detention is preposterous. It is petitioners who have yet to satisfy basic requirements regarding their standing to sue in the above-captioned cases and now attempt to sidestep the jurisdictional issue by blaming respondents for raising it at all. It is well-established that petitioners must demonstrate proper next friend standing under Whitmore in order for the Court to exercise jurisdiction over these petitions and for the cases to proceed in any fashion.

      Finally, petitioners cite no persuasive legal authority for their novel argument that the next friend standing requirements in Whitmore should not apply to this case.[12] Although

---

Exhibit 2 to Respondents' Opposition to Petitioners' Motion for Writ of Injunction in Al Odah v. United States, No. 02-CV-0828 (CKK) ("The Department of Defense does not permit interrogators or other personnel to interfere with the relationship between any detainee and his lawyer. This would include a prohibition on impersonating a lawyer, on making disparaging comments about the lawyer, and on retaliating against a detainee for having met with a lawyer or being involved in habeas corpus litigation.").

   [11] See, e.g., Declaration of Tony F. De Alicante, filed on May 6, 2005 as Exhibit C to Reply in Support of Respondents' Motion to Dismiss Petition in John Does 1-570 v. Bush, No. 05-CV-0313 (CKK) (stating that as of May 5, 2005, four different detainees refused to accept legal mail from their attorneys, and several have stated that they do not want to be represented by counsel).

   [12] Petitioners' attempt to liken their failure to establish standing to sue, which is a fundamental prerequisite to the Court's exercise of jurisdiction in these cases, to a "procedural default" is wholly unpersuasive. For one thing, the cases cited by petitioners involve situations where a procedural failure by a criminal defendant can be subsequently excused in a federal habeas case. In these cases, however, the failure to secure proper authorization before filing a petition for writ of habeas corpus on behalf of an individual is not a mere "procedural defect,"

petitioners claim that Guantanamo detainees are subject to alleged "oppressive circumstances" that were not present in the Whitmore case, the standards for next friend standing articulated by the Supreme Court in Whitmore have already been applied to cases involving detainees at Guantanamo Bay, including cases in this Court.  See Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1157-63 (9th Cir. 2002); Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005); Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005); Othman v. Bush, No. 05-CV-2088 (RWR) (Order dated November 1, 2005). Petitioners should not be excused from the requirements for next friend standing articulated by the Supreme Court in Whitmore, which is controlling precedent in this Court.  As explained above, under Whitmore, petitioners have not demonstrated that the petitions were filed by legitimate next friends.  Thus, jurisdiction over the petitions is absent, and the petitions must be dismissed.

### III.    Counsel Should Not Be Permitted to Visit The Detainees For Whom Habeas Relief Is Sought Based Solely on Deficient Next Friend Petitions.

Petitioners' suggestion that counsel should be allowed to visit the detainees for whom habeas relief is sought in order to discover if they desire to pursue habeas relief, and thereby render the next friend standing issue moot, effectively puts the cart before the horse.  Counsel

---

but rather touches the core of the Court's jurisdiction over the entire habeas proceeding.  The Supreme Court's Whitmore standard is clear – if a petition for writ of habeas corpus is not directly authorized ("signed and verified") by the person on whose behalf habeas relief is sought, see 28 U.S.C. § 2242, then the two-pronged standard for next friend standing must be satisfied in order for the Court to exercise jurisdiction over the petition.  See Whitmore, 495 U.S. at 163-64. In these cases, despite the opportunity to communicate with Guantanamo detainees through the mail system, the petitions at issue were not directly authorized by the detainees who are the real parties in interest, nor have the putative next friend petitioners established that they have proper next friend standing under Whitmore.  Thus, petitioners have failed to establish standing to sue, and the Court cannot exercise jurisdiction over the petitions.

cannot avail themselves of the counsel access procedures contained in the Protective Order until they first establish that proper jurisdiction over the case exists.[13]  One of the fundamental bases for respondents' motions for order to show cause, which were granted by the Court, is that detainees at Guantanamo Bay are able to access the Court themselves and, therefore, generally do not require next friends to seek habeas relief on their behalf.  Detainees at Guantanamo Bay already have access to the Court through the mail collection and delivery system administered by the U.S. Military.  See Sweigart Decl., Ex. D.  Counsel were able to send mail to the detainees at issue prior to the filing of an alleged next friend petition to determine if the detainees will authorize counsel to represent them directly.  Any direct authorizations would have resulted in the filing of directly authorized petitions for writs of habeas corpus instead of apparently deficient next friend petitions.  Alternatively, counsel have had the opportunity to send mail to the detainees purporting to act as next friends (or to contact these detainees through their own counsel, who are able to visit them at Guantanamo Bay) in order to determine if there is an "adequate explanation" why the detainees for whom the next friend purports to act cannot seek such relief themselves, though scores of detainees already have sought their own relief from the Court.  To require that counsel instead become entitled to some sort of special access to detainees

---

[13] The Protective Order and counsel access procedures typically made applicable in Guantanamo detainee habeas cases provides that "[p]rior to being permitted access to the detainee," counsel must "provide evidence of his or her authority to represent the detainee."  See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, 344 F. Supp. 2d 174, 185 (Ex. A) § III.C.1. (D.D.C. 2004).  Counsel has not provided sufficient evidence of their "authority to represent" the detainees for whom habeas relief is purportedly sought, i.e., to demonstrate the satisfaction of the requirements of next friend standing in this matter.  The Protective Order thus contemplates privileged access to the detainees, including through counsel visits and privileged legal mail channels, only in cases properly before the Court.

whom they do not properly represent simply through the filing of an apparently deficient next friend petition would eviscerate the purpose of the <u>Whitmore</u> next friend standing requirements and respondents' motions for order to show cause. Unless the Court determines that it can exercise jurisdiction over these actions, *i.e.*, that the putative next friend petitioners have established that the detainees for whom they attempt to seek habeas relief cannot access the Court themselves and that the next friend petitioners have a significant relationship with these detainees, special methods of access to detainees are inappropriate.[14]

## CONCLUSION

For the reasons stated, petitioners have failed to establish standing to sue in the above-captioned cases. Therefore, the Court lacks jurisdiction over these cases, and they should be dismissed.

Dated: November 28, 2005                  Respectfully submitted,

                                                        PETER D. KEISLER
                                                       Assistant Attorney General

                                                       KENNETH L. WAINSTEIN
                                                       United States Attorney

                                                       DOUGLAS N. LETTER
                                                      Terrorism Litigation Counsel

---

[14] Pursuant to the Court's November 4, 2005 Order to Show Cause, counsel for petitioners and respondents are consulting with Magistrate Judge Kay regarding counsel access to the detainees who allegedly seek habeas relief. To this end, respondents have proposed a slightly modified version of access to detainees through the mail system that is already available to individuals outside Guantanamo Bay. Indeed, if the detainees who are the real parties in interest informed the next friend petitioners that they "desperately want and need counsel," as counsel for petitioners suggest, then these detainees should be eagerly expecting such letters from counsel and will respond appropriately.

      /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents