# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALI SHAH MOUSOVI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1124 (RMC) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION
## UNDER RULE 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In keeping with binding precedent in this Circuit, *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007) (Nos. 06-1195, 06-1196), on May 30, 2007, this Court dismissed this case for lack of jurisdiction (dkt no. 68). *Boumediene* held that this Court lacks jurisdiction over habeas corpus proceedings such as this one brought by alien detainees held at Guantanamo Bay. In the hope that one day the Supreme Court might reverse the D.C. Circuit's ruling in *Boumediene*, petitioners now ask this Court to reconsider its decision. That request is without merit.

As an initial matter, the Court's decision to dismiss this case was correct when it was made, and the legal foundation for that decision has not changed since it was rendered; the law of the Circuit that required dismissal remains extant and binding. In addition, petitioners cannot meet the rigorous test under Rule 60(b)(6) for justifying reconsideration of an order of dismissal.

## ARGUMENT

**I.     Petitioners Have Not Established Extraordinary Circumstances To Justify Their Rule 60(b)(6) Motion.**

As petitioners recognize, their motion may only be granted upon a finding of extraordinary circumstances.  Pet'rs' Mem. of P. & A. in Supp. of Mot. Under Rule 60(b)(6) 5-6 (dkt. no. 70) ("Pet'rs' Mot.").  *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (reiterating that "a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment.").  No extraordinary circumstance are present here, however.

First, the Supreme Court's grant of certiorari and the Court of Appeals decision to recall its mandate in *Boumediene* do not rise to the level of extraordinary circumstances, because *Boumediene* has not even been reviewed by the Supreme Court or by the Court of Appeals sitting *en banc*, let alone overruled, and it still constitutes the law of the Circuit and is binding on this Court.  *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring) ("Once [an] opinion [is] released it [becomes] the law of this circuit."); *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court"); *Chambers v. United States*, 22 F.3d 939, 942 n.3 (9th Cir. 1994) ("In this circuit, once a published opinion is filed, it becomes the law of the circuit until withdrawn or reversed by the Supreme Court or an en banc court."), *vacated on other grounds*, 47 F.3d 1015 (1995).[1]  And the Supreme Court's decision to review

---

[1]  *See also Vo Van Chau v. Department of State*, 891 F. Supp. 650, 654 (D.D.C. 1995) ("[D]efendants argue that this Court is not bound to follow [a decision by a panel of the Court of Appeals], since the mandate in [that case] has not yet issued from the Court of Appeals.  This argument has no merit.  The District Court 'is bound by the principle of stare decisis to abide by a recent decision of one panel of [the Court of Appeals] unless the panel has withdrawn the

*Boumediene* does not mean that *Boumediene* has already been reviewed and reversed, nor in any other way alter the law of this Circuit. *See Ayuda*, 919 F.2d at 154 (Henderson, J., concurring) ("Nor is it relevant ... that the United States Supreme Court has granted *certiorari* on the question. Unless and until [the D.C. Circuit opinion] is reversed or overruled by the United States Supreme Court or by this Court *en banc*, [the opinion] remains the law of this circuit"); *Robinson v. Crosby*, 358 F.3d 1281, 1284 (11th Cir. 2004) ("the grant of certiorari alone is not enough to change the law of this circuit"). Thus, this Court is bound by the Court of Appeals' decision in *Boumediene*, which precludes the Court from exercising jurisdiction over petitioners' habeas petitions or maintaining any orders entered in this case.

Second, any change that might have resulted from the Supreme Court's grant of certiorari or the Court of Appeals recall of its mandate in *Boumediene* is all the less extraordinary in light of petitioners' decision to forgo appellate review of this Court's dismissal. Indeed, although the Supreme Court granted certiorari on June 29, 2007 and the Court of Appeals recalled its mandate on July 26, 2007, which were within the appeal period, petitioners "made a considered choice not to appeal," *Ackerman v. United States*, 340 U.S. 193, 198 (1950), and instead filed this motion *after* expiration of the appeal period. This lack of diligence confirms that the Supreme Court's grant of certiorari and the Court of Appeals recall of its mandate are not extraordinary circumstances justifying relief from the judgment in this case. *Compare Ackerman*, 340 U.S. at 198 (affirming denial of a Rule 60(b)(6) motion where movant failed to appeal the order that he was challenging); *with Klapprott v. United States*, 335 U.S. 601, 613-15 (1949) (holding that

---

opinion or the court en banc has overruled it.' ") (quoting *Association of Civilian Technicians, Montana Air Chapter v. FLRA*, 756 F.2d 172, 176 (D.C. Cir. 1985) (internal quotation marks and citation omitted)).

extraordinary circumstances supported reopening default judgment where petitioner had no reasonable means to avoid the judgment because, at the time of the judgment, he was ill, incarcerated, and not represented by counsel.)[2]

Third, petitioners' detention does not support a finding of extraordinary circumstances. To be sure, the Supreme Court has recited incarceration as one fact among others that might support granting Rule 60(b)(6) relief.  *See, e.g.*, *Ackerman*, 340 U.S. at 200-01; *Klapprott*, 335 U.S. at 613-15.  Here, however, other factors demonstrate that, unlike the petitioner in *Klapprott* where the Supreme Court found extraordinary circumstances, petitioners' incarceration is not an impediment to them challenging their detention.  In particular, petitioners are represented by counsel and can challenge their enemy combatant status under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, Tit. X, 119 Stat. 2680.

Finally, petitioners' reliance on the fact that the protective order and counsel access regime entered in this case are no longer effective does not support a finding of extraordinary circumstances.  Despite petitioners' complaint that this Court's dismissal "cut[s] off all attorney access and attorney-client communications," Pet'rs' Mot. 5, and as petitioners' well-know, a protective order and counsel access regime has been adopted in *Bismullah v. Gates*, Case No. 06-1197 (D.C. Cir.).  Whether or not that protective order will ultimately govern all DTA cases, it is clear that upon the filing of a DTA case a counsel access regime can be put into place.

---

[2]  Petitioners' decision to forgo an appeal distinguishes this case from *Al-Shimrani v. Bush*, No. 05-CV-2249 (D.D.C.) (RMC) (dkt. no. 59), where the Court granted petitioner's Rule 60(b)(6) motion.  Additionally, the fact that the Court has already granted the Government's motion to dismiss distinguishes this case from cases where the Court has denied the Government's motion to dismiss without prejudice and stayed the case pending the Supreme Court's determination in *Boumediene*.  *See, e.g.*, *Ezatullah v. Bush*, No. 06-CV-1752 (D.D.C.) (RMC) (Aug. 28, 2007 minute entry).

- 4 -

II.     **Neither The Court's Authority To Determine Its Own Jurisdiction Nor *Al-Ginco v. Bush* Requires That The Court Grant Petitioners' Requested Relief.**

While petitioners are correct that the Court retains the authority to determine its own jurisdiction, *see United States v. Ruiz*, 536 U.S. 622, 628 (2002), and the power to issue orders "preserving existing conditions pending a decision upon its own jurisdiction," *see United States v. United Mine Workers of America*, 330 U.S. 258, 290 (1947), neither of those legal principles helps petitioners here.  The Court has already determined that it does not have jurisdiction over this case based on binding precedent.  To put it differently, the "existing condition" that the Court may preserve is that the petitions have been dismissed.

Petitioners reliance on the D.C. Circuit's June 7, 2007 order in *Al Ginco v. Bush*, No. 06-5161, is similarly unhelpful.  In the June 7 order, the Court of Appeals stated: "The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals."  That statement stands for the unremarkable proposition that the district court has the opportunity to decide the Government's motions to dismiss in the first instance; it certainly does not mean that the Court should deny those motions in contravention of binding precedent.

## CONCLUSION

For the reasons set forth above, petitioners' motion should be denied.

Dated: September 4, 2007                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

     /s/ Nicholas A. Oldham
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JEAN LIN
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents