IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUFYIAN BARHOUMI<br>a/k/a SHAFFIQ, *et al.*,<br><br>      Petitioners/Plaintiffs,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>      Respondents/Defendants. | Civil No. 05-CV-1506 |

**PETITIONER'S MOTION FOR AN ORDER GRANTING PETITIONER'S MOTION
TO RECONSIDER, SETTING A STATUS CONFERENCE, REQUIRING
RESPONDENTS TO ANSWER THE HABEAS PETITION, DISMISSING HIS NEXT
FRIEND AND ENTERING THE PROTECTIVE ORDER**

As the Court is aware, on June 12, 2008, the United States Supreme Court issued its decision in *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008). Pursuant to *Boumediene*, Petitioner Sufyian Barhoumi ("Petitioner") is entitled to "a prompt habeas corpus hearing" in this Court. Slip. op at 66. Petitioner's Counsel intends to cooperate fully with the Court to ensure that these cases proceed in the most efficient and effective manner possible.

To permit this *habeas corpus* case to move forward as required by *Boumediene*, Petitioner requests that the Court enter an order providing that: (1) Petitioner's September 13, 2007 Motion for Reconsideration of Order Dismissing Petition for Habeas Corpus is granted; (2) by July 31, 2008, Respondents be required to show cause why Petitioner's Petition for Writ of *Habeas Corpus* (filed July 28, 2005) should not be granted; (3) the Court set a telephonic[1] status

---

[1] Petitioner's Counsel is located in Denver, Colorado and requests that the status conference be conducted telephonically to prevent scheduling delays and travel. However, should the Court prefer that Counsel appear in person, Petitioner's Counsel would be happy to travel to Washington, D.C. If the conference is conducted in person, Petitioner's Counsel respectfully requests that status conferences be set in the following cases at the same time, as Holland & Hart represents the Petitioners in all four of these matters:

conference so that the Court and the parties may discuss a scheduling order, discovery and other case issues; (4) the Court convert his petition from a next friend petition to a direct petition by dismissing his next friend, Jamaal Kiyembaand; and (5) the Court enter the Protective Order consisting of the three orders first entered by Judge Joyce Hens Green in *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and since entered in numerous Guantanamo detainee cases) ("Protective Order") (attached as Exhibit B).

Pursuant to LCvR 7(m), Petitioner's counsel has attempted to confer with counsel for Respondents by providing a copy of this motion. Respondents' counsel have not responded to the attempt to confer, but Petitioner's counsel understands that Respondents are taking the position that it is premature to set status conferences at this time.

## Argument

On May 15, 2007, the Court granted Respondents' motion to dismiss on the grounds that the Military Commissions Act of 2006 deprived the Court of jurisdiction over the Petition. On June 13, 2007, Petitioner filed a notice of appeal in the United States District Court for the District of D.C. Shortly thereafter, on June 29, 2007, the Supreme Court granted certiorari in *Boumediene* and on September 13, 2007, Petitioner filed his Motion for Reconsideration (Doc. # 56). The Court denied the Motion for lack of jurisdiction, but noted it would be inclined to grant it if the D.C. Circuit remanded. Order (Oct. 5, 2007) (Doc. # 58). On February 27, 2008, the D.C. Circuit remanded the case to this Court and the mandate issued on February 27, 2008 (see Doc. # 61, Notice Regarding Issuance of Mandate).

---

*Motai Saib v. Bush*, No. 05-1353 (RMC), *Abbar Sufian Al Hawary v. Bush*, No. 05-1505 (RMC), and *Sufyian Barhoumi a/k/a Shaffiq v. Bush*, No. 05-1506 (RMC).

On June 12, 2008, the Supreme Court handed down its opinion, ruling that prisoners at Guantanamo have *habeas corpus* rights protected under the U.S. Constitution; the review procedures of the Detainee Treatment Act are not an adequate substitute for *habeas corpus*; and the Military Commissions Act, insofar as it purported to strip the courts of *habeas corpus* jurisdiction, was unconstitutional. The Court stated that it was now up to the trial courts to resolve questions regarding "the legality of . . . detention" of Guantanamo detainees, Slip op. at 2, emphasizing that "[t]he detainees in these cases are entitled to a *prompt* habeas corpus hearing." Slip op. at 66 (emphasis added). Given this procedural history and the *Boumediene* decision, the Court should grant Petitioner's Motion for Reconsideration.

Petitioner has been confined in Guantanamo since 2002. His *habeas corpus* petition was filed on July 28, 2005, but Respondents have yet to answer. Petitioner Barhoumi should "no longer" bear "the costs of delay" in these proceedings. *Boumediene*, Slip. op. at 66. Therefore, Respondents should submit their answer to the *Habeas Corpus* Petition by July 31, 2008, and the Court should hold a status conference as soon as practicable so that this matter may move forward on the merits in an expedited manner.

Finally, pursuant to the Protective Order entered in his Detainee Treatment Act petition, which is pending before the United States Court of Appeals for the District of Columbia Circuit, Petitioner has met with two of his attorneys from Holland & Hart and has authorized Holland & Hart to represent him in this matter. Ex. A, Authorization of Representation, Translation and Certification. As such, Petitioner's Next Friend should be dismissed and this case ought to be converted to a direct petition for writ of *habeas corpus*. Additionally, Petitioner requests that this Court enter the Protective Order, Exhibit B, so that he may continue to meet with, and receive legal mail from, his counsel under an Order governing this litigation.

Dated:  June 25, 2008

                Respectfully submitted,


                /s Danielle R. Voorhees
                Anne J. Castle
                Scott S. Barker
                J. Triplett Mackintosh
                William Murane
                Danielle R. Voorhees
                HOLLAND & HART LLP
                555 Seventeenth Street, Suite 3200
                Denver, CO  80202
                Telephone:  (303) 295-8000

                Of Counsel
                Shayana Kadidal
                CENTER FOR CONSTITUTIONAL RIGHTS
                666 Broadway 7th Floor
                New York NY  10012
                phone: (212) 614-6438
                fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2008, I filed and served the foregoing PETITIONER'S MOTION FOR AN ORDER GRANTING PETITIONER'S MOTION TO RECONSIDER, SETTING A STATUS CONFERENCE, REQUIRING RESPONDENTS TO ANSWER THE HABEAS PETITION, DISMISSING HIS NEXT FRIEND AND ENTERING THE PROTECTIVE ORDER, through the Court's electronic filing system, which will electronically provide copies to:

The United States Department of Justice

/s Danielle R. Voorhees
Holland & Hart LLP

3886496_1.DOC