# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil No. 05-CV-1506 (RMC) |
| ) | |

## STATUS REPORT FOR PETITIONER
## SUFYIAN BARHOUMI a/k/a SHAFIIQ *et al.*

Pursuant to the Court's July 11, 2008 Order, Petitioner Sufyian Barhoumi a/k/a Shafiiq ("Barhoumi"), by undersigned counsel, respectfully submits the following status report.

**1.   Barhoumi's Habeas Petition Should Be Reinstated And Proceed In Accordance With *Boumediene*.**

Barhoumi filed his Petition for Writ of Habeas Corpus ("Habeas Petition") on July 28, 2005, Case No. 05-CV-1506 (RMC). On April 19, 2007, Respondents moved to dismiss the Habeas Petition in reliance on *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). On May 15, 2007, the District Court granted Respondents' Motion to Dismiss.

Barhoumi filed a Notice of Appeal of the District Court's dismissal order on June 13, 2007. On September 13, 2007, Barhoumi filed a Motion for Reconsideration of the dismissal order in light of the U.S. Supreme Court's grant of *certiorari* in *Boumediene*. In an order dated October 5, 2007, the District Court denied Barhoumi's Motion for Reconsideration, but noted that it would be inclined to grant it if the D.C. Circuit remanded the case. On October 19, 2007, Barhoumi filed a motion with the D.C. Circuit requesting that the appellate court remand the case to the District Court to reconsider its prior dismissal of the Habeas Petition. On December

27, 2007, the D.C. Circuit granted that motion and ordered that the case be remanded to allow the District Court to consider the pending motion for reconsideration. *See* Notice Regarding Issuance of Mandate (March 7, 2008) (Doc. 61). No further action has been taken by the District Court; however, Respondents do not oppose reinstatement of Barhoumi's Habeas Petition.[1]

### 2. Barhoumi Has A Duplicative Habeas Petition Pending In The District Court, Which Counsel Will Dismiss.

Barhoumi also has a Petition for Writ of Habeas Corpus pending before Judge Walton in *Mohammon v. Bush*, Case No. 1:05-CV-02386-RBW. Barhoumi is listed on that petition as Sofiane Mohammed Berhoumi (ISN 694) and Shafiiq LNU. Barhoumi's counsel was unaware of these duplicative petitions until recently and will seek dismissal of Barhoumi's petition from the *Mohammon* action.

### 3. Barhoumi and Respondents Agree That The Protective Order Should Be Entered.

Respondents do not oppose Barhoumi's request that the November 8, 2004 Protective Order (and supplemental orders) be entered in this case. Both parties reserve the right to seek modifications to the protective order and supplemental orders as appropriate.

---

[1] On June 25, 2008, prior to this case being transferred to this Court, Barhoumi filed a motion requesting various relief, including reinstatement of his Habeas Petition. (Doc. 64). On July 9, 2008, Respondents filed their Response, which agreed with the majority of the relief sought by Barhoumi. For the Court's convenience, Respondents' position with respect to the relief sought is described herein as appropriate. Given the transfer of this case to this Court for coordination, Barhoumi does not intend to submit a reply to the motion, as the relief sought by Barhoumi that remains in dispute will likely be addressed by this Court's Orders governing these cases.

### 4. Barhoumi Has Been Charged And Faces Military Commission Proceedings.

On May 28, 2008, over six years after he was first apprehended, Respondents charged Barhoumi under the Military Commissions Act of 2006 ("MCA") with one count of Conspiracy, 10 U.S.C. §950v(b)(28) and one count of Providing Material Support for Terrorism, 10 U.S.C. § 950v(b)(25). Barhoumi has been appointed military defense counsel to defend him in the MCA proceeding. So far as the undersigned are aware, no trial date has been set.

### 5. No Factual Return Has Been Submitted, But Barhoumi's CSRT Record Was Recently Made Available To Barhoumi's Counsel.

No factual return has been filed. In June 2008, counsel for Respondents provided Barhoumi's counsel with a copy of the index to his CSRT Record, a copy of the unclassified CSRT Record, and notification that the classified portion of the CSRT Record has been delivered to counsel's lock box at the Secure Facility in Washington, D.C.

### 6. Barhoumi Faces Serious Medical Problems That Need To Be Addressed By The Department Of Defense.

During an April 2008 visit to Guantanamo, Barhoumi's counsel was made aware of serious health problems that Barhoumi faces. Counsel notified the Department of Justice by letter dated June 3, 2008 that Barhoumi must receive appropriate medical care regarding these ailments. *See* Exhibit A. Other than confirmation of receipt of the letter, no response has been received from the Departments of Justice or Defense. If Respondents continue to ignore these health problems, Barhoumi's counsel may seek the Court's intervention to address these issues. We also note that some of these problems may well have resulted from torture and may have contributed to whatever statements Barhoumi may have made to the extent those statements may be used against him.

### 7. Barhoumi and Respondents Agree That This Petition Can Be Converted To A Direct Petition By Dismissal Of The Next Friend.

Barhoumi has granted his counsel authority to represent him. Respondents do not oppose Barhoumi's request that his Habeas Petition be converted to a direct petition and that his Next Friend, Jamaal Kiyemba, be dismissed from the case.

### 8. Barhoumi and Respondents Have Agreed His DTA Petition Should Be Held In Abeyance.

On October 3, 2007, Barhoumi filed a Petition for Release and Other Relief Under Detainee Treatment Act of 2005 ("DTA Petition"). In light of the Supreme Court's decision in *Boumediene*, Respondents filed a motion to hold the DTA Petition in abeyance, or in the alternative, to dismiss the DTA Petition, pending the conclusion of his habeas petition. Barhoumi has filed a response stating that he does not oppose the abeyance of the DTA Petition, but does oppose dismissal of the DTA Petition.

Dated: July 15, 2008

Respectfully submitted,

*s/ Danielle R. Voorhees*
Anne J. Castle
Scott S. Barker
William Murane
Danielle R. Voorhees
Jonathan S. Bender
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., N.W., Room 7144
> Washington, DC  20530

                                                *s/ Danielle R. Voorhees*
                                                Holland & Hart LLP

3894250_2.DOC