**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | ) Misc. No. 08-mc-442 (TFH)<br>)<br>) Civil Action Nos.<br>)<br>) 02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1937, 04-cv-2022,<br>) 04-cv-2035, 04-cv-2046, 04-cv-2215, 05-cv-0247, 05-cv-0270,<br>) 05-cv-0280, 05-cv-0329, 05-cv-0359, 05-cv-0392, 05-cv-0409,<br>) 05-cv-0492, 05-cv-0569, 05-cv-0583, 05-cv-0634, 05-cv-0748,<br>) 05-cv-0763, 05-cv-0877, 05-cv-0879, 05-cv-0880, 05-cv-0881,<br>) 05-cv-0883, 05-cv-0886, 05-cv-0889, 05-cv-0892, 05-cv-0993,<br>) 05-cv-0994, 05-cv-0995, 05-cv-0999, 05-cv-1012, 05-cv-1013,<br>) 05-cv-1048, 05-cv-1189, 05-cv-1220, 05-cv-1234, 05-cv-1236,<br>) 05-cv-1239, 05-cv-1244, 05-cv-1310, 05-cv-1312, 05-cv-1347,<br>) 05-cv-1353, 05-cv-1429, 05-cv-1457, 05-cv-1458, 05-cv-1490,<br>) 05-cv-1497, 05-cv-1504, 05-cv-1506, 05-cv-1555, 05-cv-1592,<br>) 05-cv-1601, 05-cv-1602, 05-cv-1607, 05-cv-1623, 05-cv-1638,<br>) 05-cv-1639, 05-cv-1645, 05-cv-1646, 05-cv-1679, 05-cv-1704,<br>05-cv-1725, 05-cv-1971, 05-cv-1983, 05-cv-2010, 05-cv-2088,<br>05-cv-2185, 05-cv-2186, 05-cv-2199, 05-cv-2201, 05-cv-2248,<br>05-cv-2249, 05-cv-2348, 05-cv-2349, 05-cv-2370, 05-cv-2371,<br>05-cv-2378, 05-cv-2379, 05-cv-2380, 05-cv-2381, 05-cv-2398,<br>05-cv-2444, 06-cv-0618, 06-cv-1668, 06-cv-1684, 06-cv-1690,<br>06-cv-1725, 06-cv-1758, 06-cv-1759, 06-cv-1761, 06-cv-1765,<br>06-cv-1766, 06-cv-1767, 07-cv-1710, 07-cv-2337, 07-cv-2338,<br>08-cv-1085, 08-cv-1101, 08-cv-1153, 08-cv-1173, 08-cv-1207,<br>08-cv-1222, 08-cv-1224, 08-cv-1227, 08-cv-1228, 08-cv-1229,<br>08-cv-1230, 08-cv-1231, 08-cv-1232, 08-cv-1233, 08-cv-1234,<br>08-cv-1235, 08-cv-1236, 08-cv-1237, 08-cv-1238, 08-cv-1310,<br>08-cv-1360, 08-cv-1440, 08-cv-1780, 08-cv-1805, 08-cv-1828,<br>08-cv-1923, 08-cv-2019, 08-cv-2083, 09-cv-0031, 09-cv-0745,<br>09-cv-0873, 09-cv-0904, 09-cv-1332, 09-cv-1385, 09-cv-1460,<br>09-cv-1461, 09-cv-1462, 09-cv-2368 |

|  |  |
|---|---|
| IN RE: ) | Misc. No. 08-mc-444 (TFH) |
| ) | |
| ) | Civil Action Nos. |
| PETITIONERS SEEKING ) | |
| HABEAS CORPUS RELIEF ) | 02-cv-1130, 04-cv-1135, 04-cv-1144, 04-cv-1194, 04-cv-1227, |
| IN RELATION TO ) | 04-cv-1254, 05-cv-0023, 05-cv-0345, 05-cv-0490, 05-cv-0520, |
| PRIOR DETENTION AT ) | 05-cv-0526, 05-cv-0584, 05-cv-0586, 05-cv-0640, 05-cv-0665, |
| GUANTANAMO BAY ) | 05-cv-0714, 05-cv-0723, 05-cv-0764, 05-cv-0765, 05-cv-0878, |
| ) | 05-cv-0833, 05-cv-0887, 05-cv-0888, 05-cv-0891, 05-cv-0998, |
| ) | 05-cv-1001, 05-cv-1009, 05-cv-1124, 05-cv-1237, 05-cv-1242, |
| ) | 05-cv-1243, 05-cv-1246, 05-cv-1311, 05-cv-1487, 05-cv-1493, |
| ) | 05-cv-1505, 05-cv-1509, 05-cv-1635, 05-cv-1667, 05-cv-1678, |
| ) | 05-cv-1714, 05-cv-1779, 05-cv-1806, 05-cv-1864, 05-cv-1894, |
| ) | 05-cv-2029, 05-cv-2104, 05-cv-2197, 05-cv-2216, 05-cv-2336, |
| ) | 05-cv-2367, 05-cv-2369, 05-cv-2384, 05-cv-2385, 05-cv-2386, |
| ) | 05-cv-2452, 05-cv-2458, 05-cv-2466, 05-cv-2479, 06-cv-1675, |
| ) | 06-cv-1677, 06-cv-1678, 06-cv-1679, 06-cv-1683, 06-cv-1687, |
| ) | 06-cv-1763, 06-cv-1768, 06-cv-1769, 08-cv-0864, 08-cv-0987, |
| ) | 08-cv-1104, 08-cv-1185, 08-cv-1221, 08-cv-1223, 08-cv-1628, |
| ) | 08-cv-1733 |
| ) | |
| LOTFI AL-GHRISSI, *et al.* ) | |
| ) | |
| Petitioners, ) | |
| v. ) | Civil Action No. 09-cv-02412 (RBW) |
| ) | |
| BARACK OBAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |
| FADI AL MAQALEH, *et al.* ) | |
| ) | |
| Petitioners, ) | |
| v. ) | Civil Action No. 06-cv-01669 (JDB) |
| ) | |
| ROBERT GATES, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

|  |  |
|---|---|
| HAJI WAZIR, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 06-cv-01697 (JDB) |
| | ) |
| ROBERT GATES, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| AMIN AL BAKRI, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 08-cv-01307 (JDB) |
| | ) |
| BARACK OBAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| REDHA AL-NAJAR, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 08-cv-02143 (JDB) |
| | ) |
| ROBERT GATES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**NOTICE TO THE COURT**

Respondents respectfully notify the Court that the Department of Defense ("DoD") plans to demolish the current Bagram Theater Internment Facility ("BTIF"), located on Bagram Airfield in the Islamic Republic of Afghanistan. Some former and current Guantanamo detainees, who have pending *habeas* cases, were held at the BTIF for some period of time in the past, and petitioners in the pending Bagram *habeas* cases are currently held there. DoD has

constructed a new detention facility on the Airfield in furtherance of the United States's ultimate goal of turning over all detention operations to Afghan control. *See* Gen. Stanley A. McChrystal, NATO Int'l Sec. Assistance Force, Afg., *Commander's Initial Assessment* (Aug. 30, 2009) (*Commander's Initial Assessment*), at F-4 (stating that the goal of the United States is to transfer "all detention operations in Afghanistan, to include the BTIF, to the Afghan government," and to get the United States "out of the detention business altogether"). The new detention facility is on a corner of Bagram Airfield, which is expected to facilitate its transfer to Afghan government control as soon as reasonably practicable. *See* Declaration of Major General Curtis M. Scaparrotti, ¶ 9. After all detainees at the existing BTIF have been relocated to this new facility, DoD will undertake steps to demolish the old facility so that a new Joint Operation Center ("JOC") may be built on that site.

As explained in the attached declaration of Major General Curtis M. Scaparrotti, the commander of Combined Joint Task Force ("CJTF")-82 and Regional Command (East) of NATO's International Security Assistance Force ("ISAF"), the JOC is the operational command and control headquarters for all U.S. and NATO military and civilian operations in that region of Afghanistan. *See* Scaparrotti Decl., ¶¶ 1, 4. From the JOC, CJTF-82 and ISAF's Regional Command (East) plan operations, monitor the activities of all of their units, track weapons and equipment across the battlefield, and reallocate assets as necessary. *Id.* ¶ 4. The JOC is also used to conduct planning and synchronization meetings with subordinate units and briefings for visiting officials. *Id.*

The current JOC has been minimally adequate for the military's mission until now and will not meet the future needs of the military in conducting the war. *Id.* ¶ 6. The facility is an

amalgam of prefabricated buildings located inside a soviet-era aircraft hangar and its design life is due to expire in 2010.  *Id.* ¶ 5.  It has insufficient space for meetings and video teleconferences and its server rooms are filled to capacity.  *Id.* ¶ 6.  Its power capacity is also inadequate, frequently resulting in power outages.  *Id.* ¶ 5.  In addition, a number of military staff sections and U.S. government agencies are forced to occupy plywood structures or modified shipping containers outside the hangar, which are susceptible to damage from fire, weather, and enemy indirect fire.  *Id.* ¶ 5.  This problem is compounded by the impending surge of military personnel, which will also require a corresponding increase in the number of civilian personnel at Bagram Airfield to support the military mission.  *Id.* ¶ 6.

Accordingly, although the United States does not intend to occupy Bagram Airfield any longer than necessary to complete the mission, construction of a new JOC is vital to serve DoD's operational needs in the immediate future.  *Id.* ¶¶ 6, 8.  As further explained by Major General Scaparrotti, due to substantial force increases in Afghanistan over the past several years, the recently announced troop increases, and the presence of minefields on and around Bagram Airfield, the site of the existing BTIF is the only adequate parcel of land on Bagram Airfield reasonably available for the construction of the new JOC.  *Id.* ¶ 9.  Using the site of the existing BTIF, the new JOC will approximately double the square footage and total personnel capacity of the current JOC and will allow enhanced command and control capability and more efficient coordination and integration of civilian and military operations.  *Id.* ¶ 8.  The new JOC also will have technological capabilities to allow better collaboration and communication with our coalition and interagency partners; its design incorporates, for example, fixed satellite communications equipment that will be faster, more secure and have greater bandwidth than the

tactical communications equipment currently in use, which is designed for temporary, mobile operations in the field.  *Id.*  In addition, the new JOC will allow better access control and provide more protection from indirect fire attack for the personnel who work there.  *Id.*  Thus, while the United States has no intention to remain in Afghanistan permanently, "[t]he increased capabilities [the new JOC] will provide . . . are vital to our ability to effectively conduct operations now and in the immediate future while safeguarding the lives of our military and civilian personnel, and those of our allies."  *Id.*  The site for the old JOC, in turn, will be used to construct much-needed housing for the increasing number of personnel on Bagram Airfield.  *Id.* ¶¶ 7, 9.  DoD expects that the current BTIF will be vacant on or before January 19, 2010 and thereafter, DoD intends to immediately begin the necessary steps for the demolition of that facility.  *Id.* ¶ 11.

These plans are integral to the successful conduct of war in Afghanistan and to the safety of our troops there.  *Id.* ¶ 7; *see also id.* ¶ 6.  The President has determined that "the security of the United States and the safety of the American people [a]re at stake in Afghanistan," and that "it is in our vital national security interest to send 30,000 troops to Afghanistan" in furtherance of the "goal to disrupt[], dismantl[e], and defeat[] al Qaeda and its extremist allies."[1]  As our nation is actively engaged in a war in Afghanistan, it is essential that the military can efficiently execute its plans regarding facilities on Bagram Airfield without interference and delay.

Respondents do not believe that any preservation obligations arising from the existence of the Guantanamo and Bagram *habeas* cases require the preservation of a detention facility, such as

---

[1] *Remarks by the President in Address to the Nation on the Way Forward in Afghanistan and Pakistan*, http://www.whitehouse.gov/the-press-office/remarks-president-address-nation-way-forward-afghanistan-and-pakistan (Dec. 1, 2009).

the BTIF, that is located in an active theater of war. Indeed, if any preservation obligations were construed to require preservation of the BTIF despite the military necessity to use the site for the conduct of war, it would raise serious separation-of-powers concerns, as the Constitution makes a "specific textual commitment of decision-making responsibility in the area of military operations in a theatre of war to the President, as Commander in Chief." *DeCosta v. Laird*, 471 F.2d 1146, 1154 (2d Cir. 1973); *see also Sale v. Haitian Centers Council, Inc.*, 509 U.S. 155, 188 (1993) (the President has "unique responsibility" for the conduct of "foreign and military affairs"); *Munaf v. Geren*, 128 S.Ct. 2207, 2224-25 (2008) ("'Our constitutional framework 'requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.'") (quoting *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953)); U.S. Const. art. II, § 2.

At the same time, Respondents recognize that these habeas cases are of extraordinary public moment. In the interest of transparency and in light of the unprecedented nature of these habeas cases involving alien enemies of the United States, Respondents hereby inform the Court of DoD's impending plan to demolish the current BTIF. Further, in recognition of the historical significance of a site such as the current BTIF, DoD intends to undertake steps to create a photographic and video record of the facility prior to its demolition.

Dated: December 30, 2009               Respectfully submitted,

                                       TONY WEST
                                       Assistant Attorney General

                                       IAN HEATH GERSHENGORN
                                       Deputy Assistant Attorney General

TERRY M. HENRY
JAMES J. GILLIGAN
Assistant Branch Directors

   /s/ *Jean Lin*
JEAN LIN
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-3716

Attorneys for Respondents