UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SUFYIAN BARHOUMI (ISN 694), | ) ) ) |  |
| Petitioner, | ) ) |  |
| v. | ) ) | Civil Action No. 05-1506 (RMC) |
| BARACK OBAMA, *et al.*, | ) ) ) |  |
| Respondents. | ) ) |  |

**MEMORANDUM OPINION ON MOTION FOR ORDER EFFECTING RELEASE**

    Sufyian Barhoumi is detained by the Department of Defense at Guantanamo Bay, Cuba, pursuant to the Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224 (2001). On his petition for release by *habeas corpus*, this Court, in a decision affirmed by the D.C. Circuit Court of Appeals, held that he was legally detained as "part of" an al-Qaida associated force. *See Barhoumi v. Obama*, 609 F.3d 416, 418, 432 (D.C. Cir. 2010). In August 2016, a Periodic Review Board (PRB) determined that detention of Mr. Barhoumi was "no longer necessary to protect against a continuing significant threat to the security of the United States." Respondents' Response to Order to Show Cause [Dkt. 282] at 1 (Resp.).[1] The Board recommended that Mr. Barhoumi be repatriated to Algeria subject to certain pre-conditions.

    On Friday, January 13, 2017, facing the imminent end of the Obama Administration and fearing that the incoming Trump Administration will not allow any releases from Guantanamo, Mr. Barhoumi's counsel filed an Emergency Motion for Order Effecting Release. Counsel posited various legal bases for the motion and argued that Mr. Barhoumi's

---

[1] *See* Unclassified Summary of Final Determination, *available at* http://www.prs.mil/Portals/60/Documents/ISN694/160809_U_ISN694_FINAL_DETERMINATION_PUBLIC.pdf; Resp., Ex. A [Dkt. 282-1].

1

transfer has "been delayed due to bureaucratic obstacles unrelated to Petitioner[], the underlying facts of . . . [his] case[], or any serious substantive concerns about the ability of . . . [his] home countr[y,] [Algeria,] to receive and monitor" him.  Mot. [Dkt. 279] at 1-2.  On that same day, the Court issued an Order to Respondents to Show Cause by Tuesday, January 17, 2017, why Mr. Barhoumi's motion should not be granted.  Respondents timely filed their response and Petitioner filed his reply on the same day.[2]  Reply [Dkt. 284].

        The motion must be denied.  Mr. Barhoumi does not have standing to bring it. "The Constitution limits [the Court's] 'judicial Power' to 'Cases' and 'Controversies,' U.S. Const. art. III, § 2, cl. 1, and there is no justiciable case or controversy unless the plaintiff has standing." *West. v. Lynch*, No. 15-5107, slip op. at 2 (D.C. Cir. Jan. 18, 2017).  To demonstrate standing, Mr. Barhoumi must show the existence of a case or controversy, which requires (1) an "injury in fact" that is (2) "fairly traceable to the challenged action of the defendant" and is (3) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Because Mr. Barhoumi's alleged injury is not "legally and judicially cognizable," *Raines v. Byrd*, 521 U.S. 811, 819 (1997), the Court has no jurisdiction to entertain his motion.  "[A]n injury refers to the invasion of some 'legally protected interest' arising from constitutional, statutory, or common law." *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 366 (4th Cir. 2015) (quoting *Lujan*, 504 U.S. at 578).  Recently, the Supreme Court emphasized that "injury in fact" is the "'[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)).  But an interest is not "legally protected" or cognizable for the purpose of establishing standing when its asserted legal source—whether constitutional, statutory, common

---

[2] The Court expresses its thanks to Government Counsel for their work over a holiday weekend and to Mr. Barhoumi's counsel for their exceedingly prompt reply.

law or otherwise—does not apply or does not exist. The D.C. Circuit has explained "if the plaintiff's claim has no foundation in law, he has no legally protected interest and thus no standing to sue." *Claybrook v. Slater*, 111 F.3d 904, 907 (D.C. Cir. 1997); *see also McConnell v. FEC*, 540 U.S. 93 (2003), *overruled in part on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010) (holding that a group of litigants lacked standing because their interest was premised on a mistaken interpretation of legal precedent that did not apply; the group's "claim of injury . . . [was], therefore, not to a legally cognizable right"); *Arjay Assocs., Inc. v. Bush*, 891 F.2d 894, 898 (Fed. Cir. 1989) ("We hold that appellants lack standing because the injury they assert is to a nonexistent right.").

Petitioner's counsel present the issue as only the nuisance of the statutorily-mandated 30-day notice period before a Guantanamo detainee can be transported elsewhere. Reply at 2 ("The government cites the transfer restrictions as an obstacle to Petitioner's transfer [to Algeria], and essentially admits that the Secretary of Defense's refusal to transfer Petitioner at this time is due to the onerous certification requirement."); *id*. at 14 ("[T]he only sensible implication from the government's representation (and from the lengthy discussion of the transfer restrictions that precedes it, Response at 5-6), is that the government was in fact making efforts from the summer onward (indeed, through potentially as late as last week) to transfer Petitioner to Algeria, and that the sole reason for its failure to repatriate him is precisely the transfer restrictions at issue in this motion—restrictions that he asks this Court to set aside."); *see also* National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, § 1034(a)(1), 129 Stat. 726, 969 (2015) (2016 NDAA) (requiring 30-days' notice to Congress before using defense funds to transfer a Guantanamo detainee). Counsel contend that the Court can exercise its *habeas* jurisdiction or grant the motion pursuant to the court-order exception to the NDAA,

*see* 2016 NDAA § 1034(a)(2), which would then relieve Mr. Barhoumi of the certification and notice provisions of the law and allow—although not necessarily require—his immediate transfer.

Mr. Barhoumi's situation is not quite as portrayed by counsel. Rather, while the government agrees that the PRB recommended his release and transfer, subject to certain pre-conditions, the Secretary of Defense has not accepted that recommendation. Thus, the requirements of certification and 30-day prior notice are not the impediments to Mr. Barhoumi's transfer to Algeria. The government is quite clear in this regard: "With regard to Petitioner, who was deemed eligible for transfer by the PRB with a recommendation for repatriation to Algeria, [the Department of Defense] (DoD) represents that on January 12, 2017, the Secretary of Defense determined that Petitioner should not be repatriated at this time based on a variety of substantive concerns, shared by multiple agencies, relevant to Petitioner's circumstances, including factors not related to Petitioner himself." Resp. at 6. While counsel for Petitioner suggest that the timing of the Secretary's decision is "curious" because it came "two days after Petitioner first sought consent to the relief sought in this emergency motion from counsel for the government," Reply at 13-14, there is no basis to cast any doubt upon the decision or its timing. The Obama Administration has been interested in closing the prison at Guantanamo Bay since its first day in office in 2009; in the waning days of his presidency, it is no surprise that the President and his Cabinet are making the last decisions they can. The news media reported this week that ten detainees previously held at Guantanamo Bay just were released to Oman. *See* Paul Schemm, *Oman accepts 10 Guantanamo detainees at the request of the U.S.*, The Washington Post (Jan. 16, 2017), https://www.washingtonpost.com/world/oman-accepts-10-ex-

gitmo-detainees-at-the-us-request/2017/01/16/a2074d40-dbc8-11e6-ad42-f3375f271c9c_story.html?utm_term=.3edcb717beaa.

The fact that Mr. Barhoumi has not been released is due to the discretionary judgment call of the Secretary of Defense that "a variety of substantive concerns, shared by multiple agencies" counsel against his transfer "at this time." Resp. at 6. The PRBs and their review process were established by Executive Order 13,567 (E.O. 13,567) and were designed to end on the desk of the Secretary of Defense. That is exactly what happened here. Thus, Mr. Barhoumi "ha[d] no right to a transfer in the first instance [because] it is entirely within the discretion of the Executive . . . [and] it is not the place of the judiciary to police the discretion of the President." *Ahjam v. Obama*, 37 F. Supp. 3d 273, 280 (D.D.C. 2014).[3]

In point of fact, the Executive Order specifies:

> This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

E.O. 13,567 § 10(c). Further, the Secretary is "not . . . bound by any such [PRB] recommendation," 2012 NDAA § 1023(b)(2), and, as here, is fully empowered to reject it. The fact of the PRB recommendation assuredly raised hopes that Mr. Barhoumi would be repatriated to Algeria but at all times the Secretary had to agree and so notify Congress. In light of the express provisions in the Executive Order and the 2012 NDAA, the PRB recommendation gives Mr. Barhoumi no cognizable legal right on which to stand.[4]

---

[3] The PRB process and its reviews "do[] not address the legality of any detainee's law of war detention." E.O. 13,567 § 8. Its purpose is "to make discretionary determinations" regarding detainees. National Defense Authorization Act for Fiscal Year 2012, Pub. L. No. 112-81, § 1023(b)(1), 125 Stat. 1298, 1564 (2011) (2012 NDAA).

[4] Mr. Barhoumi asks the Court to rely on an exception to the certification requirement that applies to transfers of "any individual detained at Guantanamo to effectuate an order affecting the disposition of the individual that is issued by a court or competent tribunal of the United States having lawful jurisdiction." 2016 NDAA § 1034(a)(2).

Secondly, his reliance on the possibility of relief under *habeas corpus* is also misplaced. In ruling on Mr. Barhoumi's formal *habeas* petition, the D.C. Circuit agreed with this Court that Mr. Barhoumi is lawfully detained at Guantanamo Bay. And the Supreme Court has held that such a detainee may be lawfully detained "for the duration of the relevant conflict." *Hamdi v. Rumsfeld*, 542 U.S. 507, 521 (2004); *see also Boumediene v. Bush*, 553 U.S. 723, 733 (2008); *Aamer v. Obama*, 742 F.3d 1023, 1041 (D.C. Cir. 2014); *Ali v. Obama*, 736 F.3d 542, 544 (D.C. Cir. 2013). Until there is "a determination by the political branches that hostilities in Afghanistan have ceased, [Mr. Barhoumi's] continued detention is justified." *Al-Bihani v. Obama*, 590 F.3d 866, 875 (D.C. Cir. 2010). This Court is, of course, bound by these decisions.

As a result, without a legally protected right to challenge the Secretary's discretion or to obtain *habeas* relief for an immediate transfer, there is no law to apply here. Mr. Barhoumi has no cognizable legally protected interest that has been injured and, therefore, no standing to pursue his motion. The Court is without jurisdiction. The motion must be denied.

A memorializing order accompanies this memorandum opinion.

DATE: January 18, 2017                                    /s/
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge

---

These provisions of the 2016 NDAA were not repealed or modified by the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, 130 Stat. 2000, enacted on December 23, 2016. Because Mr. Barhoumi has no legally-protected right to such an order, he has no standing to seek one, and the Court has no jurisdiction to grant one. *See Claybrook v. Slater*, 111 F.3d 904, 907 (D.C. Cir. 1997). This provision is of no assistance.